UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 2:23-bk-51228 |
| | : | |
|     Mark Koval, | : | Chapter 7 |
| | : | |
|         Debtor. | : | Judge John E. Hoffman |
| | : | |

| | | |
|---|---|---|
| | : | |
| Jonathan Wolman | : | |
| c/o Attorney Robert R. Goldstein | : | Adv. Pro. No. |
| 2734 East Main Street | : | |
| Columbus, OH 43209, | : |   JURY DEMAND ENDORSED |
| | : |   HEREON |
|         Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| Mark Koval | : | |
| 1235 Fareharm Drive | : | |
| New Albany, OH 43054, | : | |
| | : | |
|         Defendant, | : | |
| | : | |
|  and | : | |
| | : | |
| 614 Custom Homes, Inc.. | : | |
| 623 EastGate Parkway | : | |
| Gahanna, OH 43230, | : | |
| | : | |
|         Defendant. | : | |
| | : | |
| <u>Serve Also:</u> | : | |
|  John W Kennedy | : | |
|   Strip Hoppers Leithart | : | |
|   McGrath & Terlecky | : | |
|   575 S. Third St. | : | |
|   Columbus, OH 43215 | : | |
|   Counsel for Debtor Mark Koval | : | |
|   in 23-51228 | : | |
| | : | |
|  And | : | |
| | : | |

| | |
|---|---|
| United States Corporation Agents, Inc. | : |
| 411 Wolf Ledges Parkway, Suite 201 | : |
| Akron, OH 44311 | : |
| Statutory Agent for | : |
| 614 Custom Homes, Inc. | : |

## VERIFIED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE

Plaintiff Jonathan Wolman ("Wolman" or "Plaintiff") for his Complaint against Defendants Mark Koval ("Koval" or "Defendant") and 614 Custom Homes, Inc. ("614") (Koval and 614 collectively "Defendants") (all collectively the "Parties" each individually a "Party") allege as follows:

I. JURISDITION & VENUE

1. This is an adversary proceeding in which the Plaintiff-Creditor, pursuant to Bankruptcy Code § 523(a)(2) and (6), is objecting to the discharge of the debt owed to the Creditor by a chapter 7 bankruptcy Debtor. Thus, this Complaint addresses a core bankruptcy matter. Therefore, subject matter jurisdiction is proper in this Court.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1342, and to the extent applicable 1367, because this case involves the interpretation of a federal law.

3. Federal law affords this Court authority to grant Plaintiff's declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and the Court's exclusive jurisdiction over core bankruptcy matters. Also, see Fed. R. Civ. P. 57.

4. Plaintiff is unaware of any pending state litigation on these matters between Plaintiff and Defendants. However, there is a pending civil case filed by the Ohio Attorney General against Defendants in the Franklin County Ohio Common Pleas Court, under Case Number 23-CV-2330.

5. This case involves an actual case or controversy, specifically a dispute as to Plaintiff's rights relative to his rights to refund due to Defendants fraudulent activity.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (d), because: 1) Plaintiff and Defendant both reside in this District; 2) Defendant's primary place of business is in this District; and 3) "a substantial part of the events or omissions giving rise to all Plaintiff's claim occurred" in this District.

7. All parties reside in Franklin County Ohio, all real estate involved in this matter is located within Franklin County Ohio, and all material events alleged in this Complaint occurred in Franklin County Ohio. Therefore, personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §1391(b).

8. The Court has supplemental jurisdiction over any of Plaintiff's claims made pursuant to the statutes of the State of Ohio because those claims are so related to federal bankruptcy law claims as to form part of the same case or controversy.

II. PARTIES & RELEVANT PERSONS

9. Plaintiff Jonathan Wolman is a homeowner who lives in Franklin County, Ohio.

10. Defendant/Debtor Mark Koval is a resident of Franklin County, Ohio.

11. 614 Custom Homes, Inc. is a for profit Ohio corporation. Upon information and belief, Plaintiff states that this corporation is owned solely by Defendant Mark Koval. On the Petition for Bankruptcy, Koval listed 100% ownership of 614 Custom Homes, Inc.

III. STATEMENT OF FACTS

12. On or about June 13, 2022, Plaintiff entered into a contract with Defendants for the construction of a carriage house garage for the price of thirty thousand dollars ($30,000.00). See Exhibit "A" attached hereto and incorporated herein by reference.

13. Immediately after signing the contract, on June 13, 2022, Plaintiff paid twelve thousand dollars ($12,000.00) directly to Defendants, by a check made payable to 614 Custom Home to begin work on the construction project. See Exhibit "B" attached hereto and incorporated herein by reference.

14. The check was cashed or deposited on June 16, 2022.

15. As will be more fully shown at hearing, Defendant, Koval sent no less than fifteen texts, between June 29, 2022, and April 10, 2023, confirming that work was about to start, and/or fraudulently representing that some actions had been taken in furtherance of said work.

16. Plaintiff believes that absolutely no work was performed by Defendants at any time.

17. Wolman was never reimbursed for the $12,000.00 which he paid, for which no Work was completed.

18. On April 13, 2023, Koval filed for chapter 7 bankruptcy in this Court.

19. On June 2, 2023, the Case Trustee Christal Caudill held a 341 meeting with Koval. Koval testified that he (Koval) knew that sometime between February to May 2022 that he was going to have to close the business because it was no longer viable.

COUNT ONE
NON-DISCHARGEABILITY OF DEBT, Section 523(a)(2) and (6)

20. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

21. Section 523(a)(2) of the Bankruptcy Code provides that a discharge of the type the Defendant is seeking "does not discharge an individual debtor from any debt . . . for money, property, services . . . to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud."

22. Section 523(a)(6) of the Bankruptcy Code provides that a discharge of the type the Defendant is seeking "does not discharge an individual debtor from any debt . . . for willfully and malicious injury by the debtor to another entity or to the property of another entity."

23. Because Defendant, Koval, knew that the business was failing and that he would likely need to file bankruptcy, he took money from Plaintiff knowing that he would likely not perform any work prior to filing bankruptcy.

24. Defendant, Koval, repeatedly gave excuses for why the work was not started, knowing that he was simply buying time until the bankruptcy could be filed. He never had any intention of performing the work for which he was hired.

25. Thus, there is no genuine issue of material fact. The money Koval took from Wolman is not a debt, but rather, it is stolen money, attained through fraud. Koval may not discharge the money he stole from Plaintiff through fraud.

COUNT TWO: PIERCING THE CORPORATE VEIL

26. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

27. The applicable standard for piercing the veil was set forth by the Ohio Supreme Court in *Dombroski v. WellPoint, Inc*., 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538 and *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos. Inc*., 67 Ohio St.3d 274, 275, 617 N.E.2d 1075 (1993).

28. Koval is the 100% owner of 614.

29. Only Koval can/could authorize any employee or agent to act on the behalf of 614. No business transaction may be done without the authorization of Koval.

30. 614 is an extension of Koval and does not hold its own existence or minds.

31. When Koval signed the contract, he did not sign as owner, but instead just signed his name with no notation of his role in the business entity. Further, 614 Custom Homes is printed on the top of the contract with no indication that it is a separate corporation.

32. Koval does not treat 614 as its own entity.

33. Koval pays employees from his personal bank account.

34. Koval used his position as owner of 614 to fraudulently induce Plaintiff into giving him money, which Koval did not intend to use for the Work.

35. Koval used his position as owner of 614 to fraudulently transfer funds that should be used to pay back money stolen from Plaintiff.

36. To the extent there is any veil of corporate existence as it pertains to 614, the veil should be pierced. The corporation is merely an alter-ego for Koval, the corporation's sole owner, because:

    a. the corporation was inadequately capitalized;
    b. the corporation was insolvent at the time of the disputed act;
    c. Koval siphoned funds or assets of the entity for personal expenditures or use;
    d. The corporation was unable to pay debts due to high salaries of the sole owner or loans to the sole owner;
    e. there was a commingling of funds—both Koval's personal funds and other businesses owned and operated by Koval;
    f. there was a disregard of company roles;
    g. there was a disregard of company formalities;
    h. whether there was a lack of company records, especially regarding claimed loans to or from the entity to be pierced;
    i. there was a high degree of domination by the person to be held liable - where a company is a mere facade for the operations of the dominant member; and
    j. Koval personally shared, along with his other businesses, a common office space, personnel, and other assets.

37. Koval's conduct was intentional, malicious, and fraudulent according to his testimony at his 341 meeting.

38. Due to Koval's behavior as it relates to his corporate businesses, Koval cannot hide behind the corporate veil to escape personal liability for money he stole.

V. REQUEST FOR RELIEF

Plaintiffs respectfully request the following relief:

1) A declaratory judgment, finding that the money stolen from Plaintiff is not a "debt" and not dischargeable in a chapter 7 bankruptcy.

2) A declaratory judgment, finding that Plaintiff may pierce the corporate veil is pierced as it relates to Koval and 614.

3) Any other relief as this Court deems appropriate.

Plaintiff demands a trial by jury.

July 14, 2023                                  Respectfully Submitted,

/s/ Robert R. Goldstein___
Robert R. Goldstein (0059561)
Attorney for Jonathan Wolman
2734 East Main Street
Columbus, OH 43209
P: (614) 231-0003
F: (614) 231-1189
bob@goldsteinlawohio.com

# INVOICE

**Bill To**

**Wolman Family**
(773) 562-6504

**614 Custom Homes**

623 EastGate Parkway
Gahanna, ohio 43230
Phone: (614) 285-1882
Email: info@614customhomes.com
Web: WWW.614Customhomes.com

| | |
|---|---|
| Payment terms | Due upon receipt |
| Invoice # | 233 |
| Date | 06/05/2022 |

| Description | Total |
|---|---|
| **Carriage house garage** | $30,000.00 |

For your property the garage can be between 12 and 14 Feet wide with a standard one car garage door. The length of the garage will be 24 feet

Demolition of existing area
removal of any shrubs. To make the new footprint work

Prepare ground for new concrete footers and pad

Have new concrete pad poured to match existing house and footprint of driveway/Pavers

New garage construction garage to be built out of 2 x 4 walls

2 x 8 and 2 x 10 roof construction

New roof with shingles to match existing house

Siding to be all hardy board

New gutters

Overhead garage door to match existing garage door

Side door

new electric per code

Electric attached to existing house

| Description | Total |
|---|---|

Standard genie garage door opener.

Lighting package inside the garage with LED strip lights

Lighting package outside customers choice. There will be one carriage light by the side door customers can choose from to carriage lights on either side of the new overhead garage door or security light

Include all paint to match existing home

Fix pavers or any other area that is disturbed to run or finish off electricity or surround of new garage pad

Re-work existing fence on side of garage and side of house with gate

Add drywall to the inside of garage.

Put in 4 storage shelves on back wall

This garage is a complete turnkey project

| Permits and paperwork | $0.00 |
|---|---|

614 custom homes will work with the city of Gahanna to pull all building permits.

We will also work with Towne properties on all the required paperwork. Once the deposit is received paperwork will start immediately.

Town properties will take approximately 20 days for approval This is an estimated timeline

City of Gahanna averages 30 days for approval.

Once approval is obtained for Towne properties certain demo work and start. This will help speed up the timeline

|  |  |
|---|---|
| **Subtotal** | $30,000.00 |
| **Total** | $30,000.00 |
| **Deposit Due** | $12,000.00 |

**Payment Schedule**

| | |
|---|---:|
| Deposit (40%) | $12,000.00 |
| 2nd Payment (40%) | $12,000.00 |
| 3rd Payment (16.67%) | $5,000.00 |
| Final Payment (3.33%) | $1,000.00 |

If making a credit card payment please add an additional 3% for credit card surcharges.

Payments are broken up over a weekly timeframe. Your last payment will be do and final walk-through.

Down payment is due at the signing of contract.

Weekly payments are due on Fridays

All pricing for an estimate will be good for five business days.

All refunds are processed within 30 days of the customer's request. If you have signed an agreement with 614 custom homes and asking for a refund due to canceling a job and materials have been purchased for your particular project all refunds are subject to the product being refundable by the manufacture or supplier. All cancellation refunds will be dispersed within 30 days Of cancellation less any restocking fees or service charges for a return material. Refunds are less the total amount minus the subject to any labor that occurred and any expenses that have occurred for the project. This contract is also in accordance with the Ohio state law of a three day cooling off. The consumer has three days to cancel the contract. Ohio laws apply

Once an estimate is approved the pricing guidelines will not change unless the customer chooses a product above the price quoted. Estimates are built off of suggestions by our design team and the customer.

The proposals or estimates are based upon preliminary schematic drawings and discussions. When final plans and homeowner selections are completed these specifications may need to be revised accordingly. This may affect the contract price and draw schedule of this contract
Budgets/Allowances-
Some quotes include "allowances" for certain items that may be the price per square foot on flooring or tile, granite, costs of vanities or doors and if you go above this allowance for such items then there will be a price difference for the selected item, 614 Custom Homes will tell you when such instances occur. These are basic costs on which we create the scope of work and pricing, Your overall invoice price will not change unless you go over the estimated prices quoted here unless otherwise quoted specifically for the quoted job.
-Double vanity-$1000
-Single Vanity-$500
-Toilet-$150
-LVP Flooring $2 sq ft
-Tile for shower/tub surround $4 sq ft
-Tile for flooring/shower floor $4 sq ft
-Bathroom Mirror $100 each

-Sconce Lighting $50 each
-Ceiling Fixtures $75 each
-Freestanding tub-$500
-Shower Fixtures $200
-Vanity Faucets $75
-Granite $35 sq ft
-Backsplash $5 sqft

There will be a drawing that we sign off on for the project. If the plans change due to customer preference then we will access if additional charges will occur.

Change orders will only happen if the customer and 614 custom homes are in an agreement for the changes that need to be made and if there are any additional costs involved. IF the customer changes the job after it was completed due to a design change the customer can be held liable for an additional change order.

614 Custom Homes is not liable for any cut lines or plumbing or irrigation after 811 is called

Timelines can be and will most likely be an estimate. With Dealing with subcontractors, the uncertainty of getting products in these times, weather, etc… we cannot guarantee the forecasted timeline.

Flooring Jobs
-There will be an additional cost to moving furniture not exceeding $500
-All thresholds will be the metal thresholds unless otherwise quoted in your estimate

When building with treated wood whether it is a deck, pergola, fence, etc…please be aware it is natural for all wood to have knots that may come out, to have splits and/or "cracking", "gaps" in all wood, and it can come out as different shades of color. Treated wood will often shrink when it is dried out, this is often when you will see such items get larger and time to stain it. This is not something that we can keep from happening.

614 Custom Homes is not responsible for the specifying, ordering, scheduling, delivery, receiving, unloading, warranty, or payment of any material, labor, or subcontract work that is an out-of-contract item. 614 Custom homes will not be held responsible for any delays or scheduling problems incurred by the use of material, labor, or subcontract work supplied by others.

All pricing is subject to change due to supply chain pricing issues. Pricing will have to be adjusted If material costs are different from time of estimate

Page 6 of 6

_____        _____
Mark Koval                                                    Wolman Family

EXHIBIT "B"

**Jonathan Wolman**
New Albany, OH 43054

1009

June 13, 2022

Pay to the Order of: 614 Custom Homes    $12,000.00

Twelve thousand and No/100 — Dollars

Fifth Third Bank

For: Deposit

Signature: Jonathan Wolman

1009

20220616009401142558

Endorse Here: 018438776758

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) ss.  **AFFIDAVIT** |
| COUNTY OF FRANKLIN | ) |

I, JONATHAN WOLMAN, the undersigned, having been duly sworn according to law, hereby depose and state that I am the Plaintiff in the instant action, that I have read and reviewed the Complaint and that the facts therein are true. Further affiant saith naught.

_____
JONATHAN WOLMAN

Sworn to before me and subscribed in my presence by the said Jonathan Wolman, on this 14th day of July, 2023.

_____
NOTARY PUBLIC

ROBERT R. GOLDSTEIN
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

CERTIFICATE OF SERVICE

I certify that on July 14, 2023 a copy of the preceding VERIFIED COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE was filed through the court's ECF system and served in accordance with Fed.R.Civ.P. 5(b) to the following:

John W Kennedy
Strip Hoppers Leithart
McGrath & Terlecky
575 S. Third St.
Columbus, OH 43215
Counsel for Debtor Mark Koval
in 23-51228

Asst. U.S. Trustee (Columbus)
Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH 43215
(614)469-7411
Ustpregion09.cb.ecf@usdoj.gov

Christal L. Caudill, Case Trustee
4260 Tuller Road, Suite 102
Dublin, OH 43017 (614)389-4940
trusteepleadings@caudill-law.com

/s/ Robert R. Goldstein
Robert R. Goldstein (0059561)
Attorney for Jonathan Wolman